Electronically Filed by Superior Court of California, County of Los Angeles on 03/09/2021 12:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Wilfred D. Reyes, Deputy Clerk
21STCV09800

Case 2:21-cv-03880-DMG-SHK   Document 1   Filed 05/07/21   Page 1 of 13   Page ID #:8

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Draper

1  LAWRENCE S. MIDDLETON (No. 157866)
2  811 Wilshire Boulevard, 17th Floor
   Los Angeles, California 90017
3  Telephone: (213) 465-2646
   Facsimile: (310) 388-5671
4  Email: lawrencemiddleton@lmiddletonlaw.com

5  Attorney for Plaintiff
6  Armen Mouradian

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      COUNTY OF LOS ANGELES

9  ARMEN MOURADIAN,                      Case No.: Number 21STCV09800

10            Plaintiff,

11                                        COMPLAINT FOR DAMAGES:
         vs.                              1.   Violation of Civil Rights, 42
12                                             U.S.C. § 1983;
13  THE CITY OF LOS ANGELES, THE LOS      2.   Violation of Civil Rights, 42
    ANGELES POLICE DEPARTMENT and              U.S.C. § 1983, Supervisory
14  DOES 1 through 10 inclusive,               Liability;
                                          3.   Violation of California Civil
15            Defendants.                      Code § 52.1;
16                                        4.   Assault and Battery;
                                          5.   Negligence;
17                                        6.   U.S.C. § 1983, Monell
18                                             Violations

19                                        [DEMAND FOR JURY TRIAL]

20  **PLAINTIFF COMPLAINS AND ALLEGES AS FOLLOWS:**

21                              **PARTIES**

22
23       1.      Plaintiff Armen Mouradian is, and was at all times relevant hereto, a resident of

24  Tarzana, California, in the County of Los Angeles, and an adult competent to bring this suit in

25  this Court.

26       2.      Defendant City of Los Angeles is a municipality operating pursuant to its Charter

27  and organized and incorporated under the laws of the State of California.

28                                          1

Exhibit 1 - Page 8

3.      Defendant Los Angeles Police Department ("LAPD") was and is a department and agency of defendant City of Los Angeles, acting within its jurisdiction and under its control.

4.      Plaintiff is ignorant of the full true names of defendants sued herein as Does 1 through 10, inclusive, and therefore sues them by fictitious names.  Plaintiff is informed and believes and thereon alleges that defendants sued herein as Does 1 through 10, inclusive, are other employees of the City of Los Angeles Police Department and were at all relevant times acting under color of law and in the course and scope of their employment and agency.  Plaintiff alleges that each of the defendants named as "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained.

5.      Plaintiff is informed, believes, and therefore alleges that at all times herein mentioned, each of the defendants was the agent and/or employee of the other, and in doing the things alleged herein, was acting within the scope of such agency and/or employment, under color of state law and municipal authority, and with the permission and consent of the others.

## JURISDICTION & VENUE

6.      This action arises under the laws of the State of California, the United States, and Common law, including but not limited to, Title 42, United States Code, section 1983 and the Fourth and Fourteenth Amendments of the United States Constitution, California Civil Code, Section 52.1 et seq., and the case law, including *Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).*  California State Court jurisdiction is conferred upon the court by Title 42, United States Code, section 1983, as well as the concurrent jurisdiction granted within the case laws over 42, United States Code, section 1983.  Plaintiff also alleges that the conduct of each defendant deprived Plaintiff of his constitutional right to due process under the

2

Exhibit 1 - Page 9

law, and caused Plaintiff to suffer grievous pain, suffering, anxiety, depression, harm, and injury based on the excessive force applied against him.  Plaintiff filed a Claim in accord with, and in substantial compliance with California Code §§ 910 et seq., on December 24, 2019, as amended on December 26, 2019.  Plaintiff's claim was denied on March 26, 2020, and Plaintiff believes this action is timely filed.

7.    Each of the defendants and Doe defendants caused and is responsible for the unlawful conduct and resulting injury by, *inter alia*, personally participating in the conduct, or acting jointly and in concert with others who did so by authorizing, acquiescing in or failing to take action to prevent the unlawful conduct by intervention, or by promulgating policies, procedures, directives, or practices pursuant to which the unlawful conduct occurred; by failing and refusing to initiate and maintain adequate training, supervision, policies, procedures and protocols; by failing to implement and ensure compliance with policies and procedures and protocols; by failing to implement and ensure compliance with policies and procedures to ensure the safety and reasonable security of individuals, such as Plaintiff; and by ratifying the unlawful conduct performed by agents, employees, staff, and officers under their direction and control.

8.    Whenever and wherever reference is made in this Complaint to any act by a defendant, such allegation and reference will also be deemed to mean the acts and failures to act of each defendant individually, jointly, or severally.

## FACTUAL ALLEGATIONS

### A. The Excessive Use of Force Against Plaintiff

9.    On June 24, 2019, Plaintiff was involved in a vehicle related incident in Tarzana, California in Los Angeles, County that resulted in an accident in which Plaintiff's car struck another parked vehicle.  Plaintiff left the scene on foot and eventually was found by police in an

3

Exhibit 1 - Page 10

alley behind several nearby businesses.  At that time Plaintiff, obviously to the police, was

experiencing a mental health episode, and appeared to be cutting his face with a foreign object

that police later learned was a piece of glass.  The police ordered Plaintiff to put down the piece

of glass, which at that time, they sometimes referred to as a knife and at other times as a razor

blade.  Plaintiff did not put down the piece of glass at that time and continued to make what

appeared to be cutting motions to his face - near his eyes.  As the police continued to shout

orders, Plaintiff rose to his feet and in very slow, non-aggressive movements, began to walk in

the direction of the police.  At that time, the police ordered that Plaintiff be shot with a 40mm

launcher that expelled less-lethal projectiles.  The shots caused Plaintiff to momentarily stop.

However, as Plaintiff recovered from the pain of being struck by each projectile, Plaintiff, while

still suffering a mental health episode, would fail to respond to police orders and take very slow

steps in the direction of or parallel to the police.  In response, the police repeatedly shot Plaintiff

with bean bag shotgun and 40 mm launcher projectiles, causing Plaintiff pain and serious injury.

In total, the police shot Plaintiff with 40 mm and bean bag projectiles approximately one dozen

times before finally subduing him through the use of a taser that had been available to them at

the scene for some time.

**B.  As the Result of Unconstitutional Policies, Practices, and Customs within the City of Los Angeles and LAPD Permitting, Tolerating, and Ratifying Unconstitutional Conduct, Officers of the Los Angeles Police Department Acted with Impunity in Engaging in Acts of Excessive Force.**

10.    At the time Plaintiff was injured by the police, the City of Los Angeles and LAPD

were fully aware that the repeated use of 40mm launchers and bean bag shotguns in a situation

where the target was clearly suffering from some form of mental health episode or disability

created a serious and unreasonable risk of serious injury.  Defendant City of Los Angeles and

4

Exhibit 1 - Page 11

LAPD had a duty to adequately train, supervise and control its officers to prevent officers from committing acts of excessive force against individuals through the deployment of 40 mm launchers and bean bag shotguns.  Nevertheless, the City of Los Angeles and LAPD had promulgated and implemented policies and directives that were vague and ambiguous and allowed for the use of beanbag shotguns and 40 mm launchers with little or no regard for the injuries that would likely result, and that provided no specific guidance to its police officers as to the proper deployment of 40mm launchers and bean bag shotguns against individuals suffering from mental illness.  The City of Los Angeles and LAPD further failed to properly train its officers on the proper use of 40 mm launchers and beanbag shotguns, had failed to properly warn them of the risk of serious injury to suspects that the repeated deployment of such weapons presented, and had failed to properly supervise its officers in the deployment of 40 mm launchers and bean bag shotguns.

## **FIRST CLAIM FOR RELIEF**

(Violation of 42 U.S.C. § 1983 Against Does 1 Through 10)

11.     Plaintiff restates and incorporates by reference paragraphs 1 through 10 above, as though fully stated herein.

12.     Defendant Does 1 through 10, acting under color of law, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth, and Fourteenth Amendments by:

a.   Subjecting Plaintiff to excessive force and unjustified infliction of harm;

b.   Denying Plaintiff due process of law; all to Plaintiffs damages as herein above alleged.

5

Exhibit 1 - Page 12

13.     As a direct and proximate result of the aforementioned acts of defendants, including Does 1 through 10, Plaintiff was injured as set forth above, and is entitled to compensatory and punitive damages according to proof.

**SECOND CLAIM FOR RELIEF**

(Violation of 42 U.S.C. § 1983 Against Does 1 through 10 – Supervisory Liability)

14.     Plaintiff restates and incorporates by reference Paragraphs 1-13 above, as though fully stated herein.

15.     At all times material herein, Does 1-10, as supervisors of the Los Angeles Police Department, under the color of law, had a duty to supervise and control officers under their command and to ensure that said officers would not violate the constitutional rights of individuals by using excessive force.

16.     Does 1-10 were supervisors over the officers at the scene of the use-of-force when 40 mm and bean bag projectiles were repeatedly used against Plaintiff and had the opportunity and duty to take control of the situation and of the officers deploying the 40 mm launchers and bean bag shotguns to prevent an unwarranted use of excessive force but failed to control the officers under their supervision and instead ratified and encouraged the use of force against Plaintiff.

17.     Does 1-10, as supervisors within LAPD, knew or should have known of a history and propensity and pattern at the time of this incident for deputies to engage in acts of excessive force using 40 mm and bean bag projectiles.  As supervisors, Does 1-10 failed to implement polices reasonably likely to protect Plaintiff from the excess use of force involving beanbag shotguns and 40 mm launchers and were further aware that policies and directives implemented

6

Exhibit 1 - Page 13

by LAPD were vague and ambiguous, and failed to train and ensure that officers refrain from acts of excessive force involving the use of 40 mm and bean bag projectiles.

18.     As a direct and proximate cause thereof, supervising Does 1-10 failed to supervise and control officers and subordinate supervisors engaged in the use of force against Plaintiff, and by so doing, permitted the officers and other subordinate supervisors to unlawfully engage in excessive force against Plaintiff.

## THIRD CLAIM FOR RELIEF

(Violation of California Civil Code § 52.1 Against Does 1 through 10, the City of Los Angeles, and the Los Angeles Police Department)

19.     Plaintiff restates and incorporates by reference Paragraphs 1-18 above, as though fully stated herein.

20.     The City of Los Angeles and LAPD are liable for the violations of their employees under California Government Code Section 815.2(a).  Furthermore, the City of Los Angeles and LAPD are liable under California Government Code Section 815.6.  The United States Constitution, Amendments IV and Amendment XIV, and the California Constitution, Article I § 13, guarantee the right of persons to be free from excessive force.  Defendants, by engaging in the wrongful conduct alleged herein, interfered with and attempted to interfere with Plaintiff's exercise or enjoyment of this right, thus giving rise to claims for damages pursuant to California Civil Code § 52.1(c).

21.     As a direct and proximate result of the aforementioned acts of defendants, Plaintiff was injured as set forth above, and is entitled to statutory damages under California Civil Code § 52, as well as compensatory and punitive damages according to proof.

7

Exhibit 1 - Page 14

## FOURTH CLAIM FOR RELIEF

(Assault and Battery Against Does 1 through 10, the City of Los Angeles, and the Los Angeles Police Department)

22.     Plaintiff restates and incorporates by reference Paragraphs 1-21 above, as though fully stated herein.

23.     The City of Los Angeles and LAPD are liable for the violations of its employees under California Government Code Section 815.2(a).  Furthermore, the City of Los Angeles and LAPD are liable under California Government Code Section 815.6.

24.     Does 1 through 10, acting within the scope of their employment as law enforcement officers for LAPD assaulted and battered Plaintiff causing injury.

25.     As a direct and proximate result of the aforementioned acts of defendants, Plaintiff was injured as set forth above, and is entitled to compensatory and punitive damages according to proof.

## FIFTH CLAIM FOR RELIEF

(Negligence Against the City of Los Angeles, the Los Angeles Police Department, and Does 1-10)

26.     Plaintiff restates and incorporates by reference Paragraphs 1-25 above, as though fully stated herein.

27.     Defendants the City of Los Angeles, LAPD, and Doe defendants 1-10, acting within the course and scope of their employment had a duty to assure the competence of their employee/agents defendants, but breached their duty and were negligent in the performance of their duties by selecting, training, reviewing, supervising, failing to supervise, evaluating the competency, and retaining their defendant law enforcement officers, and/or employees and/or agents.  This breach of the duty of careful selection, training, review, supervision, periodic

8

Exhibit 1 - Page 15

evaluation of the competency, and retention of such law enforcement officers and/or employees and/or agents created an unreasonable risk of harm to persons such as Plaintiff.

28.     Doe supervisors 1-10 breached their duty of care to observe, report, monitor and discipline their defendant law enforcement officers, and/or employees and/or agents.

29.     As a direct and legal result of the aforesaid negligence and carelessness of defendant City of Los Angeles and defendant LAPD, as well as of Doe supervisors 1-10, and as a result of their breach of duty of care to Plaintiff, he suffered damages as alleged herein.

### SIXTH CLAIM FOR RELIEF

(Deprivation of Civil Rights – 42 U.S.C. § 1983 - *Monell* Liability for Promulgating Policies and Directives that were Vague and Ambiguous and without Regard for the Likelihood of Serious Injuries, and for Failure to Supervise, Train, and Take Corrective Measures, Causing Constitutional Violation, Against Defendant City of Los Angeles, the Los Angeles Police Department, and Against Does 1-10 in their Official Capacities)

30.     Plaintiff restates and incorporates by reference Paragraphs 1-29 above, as though fully stated herein.

31.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant City of Los Angeles, the Los Angeles Police Department, and Does 1-10, with deliberate indifference, and conscious and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff, engaged in the unconstitutional conduct and omissions, which consist of the following customs and/or policies:

a.     Knowingly and intentionally promulgating and implementing policies and directives regarding the deployment of 40 mm launchers and beanbag shotguns that were vague and ambiguous and that allowed LAPD officers to use 40 mm launchers and beanbag shotguns in a manner that violated the constitutional rights of Plaintiff and others like Plaintiff;

9

Exhibit 1 - Page 16

b.   Subjecting citizens, including Plaintiff, to unreasonable uses of force against their persons;

c.   Failing to adequately train, supervise, and control officers in the field of law enforcement, including the use of force, and in particular the use of 40mm launchers and bean bag shotguns;

d.   Failing to adequately discipline officers involved in misconduct, including excessive force;

32.   The actions and inactions of the City of Los Angeles and LAPD set forth in paragraphs 30-31 were known or should have been known to the policy makers responsible for the Los Angeles Police Department and occurred with deliberate indifference to either the recurring constitutional violations elaborated above, and/or to the strong likelihood that constitutional rights would be violated as a result of failing to promulgate and implement policies and directives reasonably likely to prevent the excessive use of force in the deployment of beanbag shotguns and 40 mm launchers , and failing to train, supervise or discipline in areas where the need for such training and supervision was obvious.

33.   The actions of the City of Los Angeles and LAPD set forth herein were a motivating force behind the violations of Plaintiff's constitutional rights as set forth in this complaint.

34.   As a direct and proximate result of defendant City of Los Angeles and defendant LAPD's acts and omissions, condoning, encouraging, ratifying, and deliberately ignoring the pattern and practice of defendants' and Does 1-10's acts and omissions, Plaintiff sustained injury and damage as proved.

10

Exhibit 1 - Page 17

## **DAMAGES**

35.     As a direct and proximate result of the aforesaid acts, practices, policies and decisions of the City of Los Angeles, LAPD, and Does 1 through 10, Plaintiff has suffered great mental and physical pain, physical injury, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

36.     By reason of the afore-described acts and omissions of defendants, and Does 1-10, Plaintiff was required to retain an attorney to prosecute the within action, and to render legal assistance to Plaintiff that he might vindicate the loss and impairment of his rights, and by reason thereof, Plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988.

11

Exhibit 1 - Page 18

**PRAYER FOR RELIEF**

37.     WHEREFORE, Plaintiff prays for judgment against defendant City of Los Angeles, defendant LAPD, and Does 1 through 10, and each of them, jointly and severally, as described and limited in the Causes of Action set forth above, as follows:

1.  For general compensatory damages according to proof;

2.  For special damages according to proof;

3.  For exemplary and punitive damages against individual defendants in an amount according to proof;

4.  For costs of suit and reasonable attorney's fees permitted pursuant to 42 U.S.C. § 1988; and

5.  For such further relief as the court may deem just and equitable.

Respectfully submitted,

DATED: March 11, 2021

Lawrence S. Middleton
Attorney for Plaintiff

12

Exhibit 1 - Page 19

1

**JURY DEMAND**

2

    Trial by jury of all issues is demanded.

3

4  DATED: March 11, , 2021

5                                  LAWRENCE S. MIDDLETON
                                     Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

Exhibit 1 - Page 20